*United States v. Garrio*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of May, two thousand twenty-four.

PRESENT:
> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
> MARIA ARAÚJO KAHN,
> *Circuit Judges*,

––––––––––––––––––––––––––––––––––––––

UNITED STATES OF AMERICA,

> *Appellee*,

v.                                                                                  22-2907

BRIAN JOSEPH GARRIO,

> *Defendant-Appellant*.

––––––––––––––––––––––––––––––––––––––

FOR DEFENDANT-APPELLANT:          DANIEL M. PEREZ, Newton, NJ.

FOR APPELLEE:          KEVIN T. SULLIVAN, Assistant United

States Attorney (Danielle R. Sassoon, *on the brief)*, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

Appeal from the October 28, 2022, judgment of the United States District Court for the Southern District of New York (Vincent L. Briccetti, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on October 28, 2022, is **AFFIRMED**.

Defendant-Appellant Brian Joseph Garrio ("Garrio") appeals from the district court's judgment of conviction following his guilty plea to one count of stalking, in violation of 18 U.S.C. § 2261A(2)(B). Garrio's conviction stems from violent threats he made on social media against a federal law enforcement agent and the agent's family. The district court sentenced Garrio principally to fifty-one months' imprisonment, followed by three years' supervised release. On appeal, Garrio argues that his sentence is substantively unreasonable. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

We review the substantive reasonableness of a sentence under the "deferential abuse-of-discretion standard."[1] *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008)

---

[1] Although Garrio did not challenge the substantive reasonableness of his sentence before the district court, "[w]e have not decided whether plain error review applies to an unpreserved challenge to the substantive reasonableness of a sentence." *United States v. Thavaraja*, 740 F.3d

(en banc) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). Under that standard, "we will set aside only those sentences that are so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice." *United States v. Muzio*, 966 F.3d 61, 64 (2d Cir. 2020) (internal quotation marks omitted). Although a within-Guidelines sentence is not presumptively reasonable, "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006), *abrogated on other grounds by Rita v. United States*, 551 U.S. 338, 364 (2007).

Garrio argues that the district court's fifty-one-month sentence, which fell within the applicable Guidelines range of 46 to 57 months' imprisonment, is substantively unreasonable because the district court "overemphasized the fact that the victim was a law enforcement officer" and failed to give sufficient weight to certain mitigating factors Garrio highlighted at sentencing, such as his traumatic childhood and mental illness. Appellant's Br. at 21. We disagree.

The record demonstrates that the district court carefully considered and weighed the various sentencing factors set forth in 18 U.S.C. § 3553(a) in arriving at Garrio's within-Guidelines sentence. As for the nature and circumstances of the offense, the

_____

253, 258 n.4 (2d Cir. 2014). We need not address this issue in the instant case because Garrio's claim fails under either standard of review.

3

district court appropriately noted that Garrio's offense conduct was particularly serious because his threats were "directed at an FBI agent who had interviewed [Garrio's father] a year earlier regarding prior threatening communications [Garrio] had made" against former co-workers. App. at 103. The district court also noted that Garrio's threats were "part of a pattern of [similar] conduct," *id.* at 105, which included prior threats to harm law enforcement officers and a prior conviction in Pennsylvania for threatening a woman while brandishing a seven-and-a-half-inch knife during a road rage incident, *see id.* at 106; *see also* Presentence Investigation Report ¶ 49.[2] Finally, the district court emphasized the need for the sentence imposed to protect the FBI special agent, the agent's family, and the general public, noting that Garrio's "pattern of criminal conduct poses" an "obvious risk to public safety . . . ." App. at 108.

The district court also expressly considered the mitigating factors Garrio emphasized in his request for a below-Guidelines sentence. Specifically, the district court noted that it was "tak[ing] into account not only the nature of the case, . . . but also [Garrio's] other history and circumstances," including his "long history of mental illness" and his "difficult upbringing[,]" which "included physical and mental abuse." *Id.* at 107. The district court further noted that Garrio's "sincere" remorse and his "presentence confinement during [the COVID-19] pandemic" constituted additional mitigating

---

[2] The district court adopted the factual findings of the PSR subject to several objections not relevant here.

4

circumstances. *Id.* at 107. The district court then concluded that "these mitigating factors warrant a sentence . . . six months below the top of the [applicable] [G]uidelines [range]." *Id.* at 108. Accordingly, contrary to Garrio's contentions on appeal, the district court did not give his mitigating circumstances "short shrift." Appellant's Br. at 25.

Insofar as Garrio believes that his mitigating factors warrant a lower sentence, "[t]he particular weight to be afforded aggravating and mitigating factors is a matter firmly committed to the discretion of the sentencing judge, with appellate courts seeking to ensure only that a factor can bear the weight assigned it under the totality of circumstances in the case." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (internal quotation marks and citations omitted). In these circumstances, the aggravating factors on which the district court relied, including the seriousness of Garrio's offense and his pattern of similar threatening behavior, bear the weight of Garrio's sentence.

In sum, we conclude that the district court's balancing of Garrio's personal circumstances, the seriousness of his offense, and his prior criminal history was reasonable and did not result in a sentence that was "shockingly high . . . or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009). Accordingly, we reject Garrio's substantive reasonableness challenge and affirm the judgment of the district court.

\*    \*    \*

We have considered Garrio's remaining arguments and conclude that they are without merit. For the reasons set forth above, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court